It is apparent that the judgement which this scire facias is brought to revive was founded upon a debt due by contract, because it was obtained against an administrator, and, if so, that it bears interest from its rendition under the act of 1807, New Rev., ch. 721; but either no interest was given by the jury upon the debt due, or, if it was, it was added to the principal, and both together made the sum of $190.32. The justice of the case, therefore, is that the plaintiff should have judgement for $190.32, with interest (under the act) upon the sum of $170, part thereof which appears to be the principal of the sum originally due.
I think we must say there is such a record, for although it is (41) apparent that it is very defective for the want of entering a formal judgment upon the verdict, yet, considering the situation of many of the records of the courts of this State, were we to give a different judgment it would lead to the greatest injustice and hardship. From these considerations I think judgment should be given for the plaintiff, with interest on the sum of $170 only until paid.
HENDERSON, J., concurred.
Cited: Collins v. McLeod, 30 N.C. 223; Harrell v. Peebles, 79 N.C. 30;Grantham v. Kennedy, 91 N.C. 155; McDowell v. McDowell, 92 N.C. 229;McNeill v. R. R., 138 N.C. 3.